IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BROADCAST MUSIC, INC., et al.,**

    Plaintiffs,

v.                                                                           **CIVIL ACTION NO. 3:12-CV-59**
                                                                               **(JUDGE GROH)**

**CTR HOTEL PARTNERS, LLC d/b/a
QUALITY HOTEL & CONFERENCE CENTER;
RONALD E. MARCUS, and
CHRISTOPHER B. SHULTZ,
each individually,**

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AS TO CHRISTOPHER B. SHULTZ AND
GRANTING IN PART AND SETTING HEARING ON PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AS TO DEFENDANTS CTR HOTEL PARTNERS, LLC, d/b/a
QUALITY HOTEL & CONFERENCE CENTER and RONALD E. MARCUS**

On this day, the above-styled matter came before this Court for consideration of Plaintiffs Broadcast Music, Inc. ("BMI"), et al.'s Motion for Default Judgment [Doc. 24], filed December 5, 2012. For the reasons that follow, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART** as to Defendants CTR Hotel Partners, LLC d/b/a Quality Hotel & Conference Center ("CTR") and Ronald E. Marcus, individually ("Marcus"). However, the Motion for Default Judgment is **DENIED WITHOUT PREJUDICE** to Defendant Christopher B. Shultz ("Shultz") due to insufficient service of process and lack of personal jurisdiction.

## I. Factual Background

This is an action for copyright infringement arising from Defendants' public performance, or Defendants causing the public performance, of copyrighted musical compositions at the Quality Hotel & Conference Center located at 4328 William L. Wilson, FWY, Harpers Ferry, WV, 25425. On October 3, 2012, Plaintiffs moved for default judgment against the Defendants. [Doc. 11].

Plaintiffs initially filed this action on June 26, 2012, alleging copyright infringements under Title 17 of the United States Code. A summary of the alleged violations are set forth in Exhibit 1, "Song Schedule," attached to the Complaint. Plaintiffs maintain four claims of willful copyright infringement, based upon "Defendants' unauthorized public performance of music compositions from the BMI repertoire." [Doc. 1], p.4. Defendant Marcus, in his individual capacity, was personally served on June 29, 2012 at 741 E. Washington Street, Charles Town, WV 25414. Defendant CTR was personally served on its managing member on June 29, 2012 at 741 E. Washington Street, Charles Town, WV 25414. However, Defendant Shultz, in his individual capacity, was allegedly served by serving the summons on his supervisor, Defendant Marcus on June 29, 2012 at 741 E. Washington Street, Charles Town, WV 25414.

On October 31, 2012, the Court denied without prejudice Plaintiffs' Motion for Default Judgment against Defendants because Plaintiffs had not sought an entry of default under Rule 55(a) of the Federal Rules of Civil Procedure, which is a prerequisite for an entry of judgment under Rule 55(b)(1) or Rule 55(b)(2). [Doc. 14]. On November 2, 2012, Plaintiffs requested the Clerk to enter default pursuant to Rule 55(a) of the

Federal Rules of Civil Procedure. [Doc. 15]. On November 7, 2012, at Plaintiffs' request, the Clerk of this Court entered default. [Doc. 19]. On December 5, 2012, Plaintiffs moved for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b).

## II. Applicable Law

Although the Federal Rules of Civil Procedure and the Fourth Circuit Court of Appeals encourage dispositions of claims on their merits, trial judges have discretion to enter default judgments. **Reizakis v. Loy**, 490 F.2d 1132, 1135 (4th Cir. 1974). Federal Rule of Civil Procedure 55 authorizes the entry of a default judgment "when a defendant fails to plead or otherwise defend in accordance with the Rules." **United States v. Moradi**, 673 F.2d 725, 727 (4th Cir. 1982). The Clerk of the Court's "entry of default" pursuant to Rule 55(a) of the Federal Rules of Civil Procedure provides notice to the defaulting party prior to the entry of default judgment by the court. **Carbon Fuel Co. v. USX Corp.**, No. 97-1995, 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for "default judgment" under Federal Rule of Civil Procedure 55(b). **Id.**

Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." **Fed. R. Civ. P. 55(b)(1).** However, as in this case, when the sum is not certain, default can only be made by the Court. **Fed. R. Civ. P. 55(b)(2).**

3

Upon default, all of the well-pleaded facts alleged in the Complaint, as to liability, are deemed admitted, but the amount of damages are not. ***Ryan v. Homecoming Fin. Network***, 253 F.3d 778, 780 (4th Cir. 2001). However, Federal Rule of Civil Procedure 54© limits the court's discretion in entering default judgment: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.**" FED. R. CIV. P. 54©.**

### III.  Analysis

The Court must analyze three separate issues.  First, whether Defendants were properly served.  Second, whether Plaintiffs have proved copyright infringement by an unauthorized public performance.  Last, if Plaintiffs prove Defendants' liability, whether Plaintiffs' requested damages are a sum certain sufficient for this Court to award damages without conducting an evidentiary hearing.

**A.  Proper Service**

Plaintiffs seek a default judgment against all three Defendants: Ronald E. Marcus and Christopher B. Shultz, in their individual capacities, and CTR.  Defendant Marcus was personally served on June 29, 2012 at 741 E. Washington Street, Charles Town, WV 25414. [Doc. 9].  Therefore, Defendant Marcus, as an individual, was served in accordance with Federal Rule of Civil Procedure 4(e)(2)(A), which provides that an individual may be served in a judicial district by "delivering a copy of the summons and of the complaint to the individual personally."

CTR was personally served through its managing member, Defendant Marcus, on June 29, 2012 at 741 E. Washington Street, Charles Town, WV 25414. [Doc. 8].

4

Defendant CTR was served in accordance with Federal Rule of Civil Procedure 4(h)(1) because the managing member and member designated to receive service of process on behalf of CTR, Marcus, was personally served with a copy of the summons and the complaint.

However, Defendant Shultz was not personally served. Instead, Defendant Shultz was allegedly served by serving the summons on Defendant Marcus. The server listed Defendant Marcus as Defendant Shultz's supervisor. Under the Federal Rules of Civil Procedure, an individual may be properly served in the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**FED. R. CIV. P. 4(e).**

First, a copy of the summons and of the complaint was not delivered to Defendant Shultz personally. Second, there has been no indication that 741 E. Washington Street, Charles Town, WV is Defendant Shultz's dwelling or usual place of abode. In fact, 741 E. Washington Street appears to be a place of business. Thus,

5

service of process is only proper if a copy of the summons and complaint were delivered to Defendant Marcus as an agent authorized by appointment or by law to receive service of process for Defendant Shultz, individually.  The Proof of Service filed with the Court states the following:

> I served the summons on Ronald E. Marcus, supervisor, who is designated by law to accept service of process on behalf of Christopher B. Shultz on June 29, 2012 . . .
> Christopher B. Shultz is an employee of Ronald E. Marcus.

[Doc. 10].

Pursuant to Rule 4(d)(1) of the West Virginia Rules of Civil Procedure, the only manner of service that may be applicable here is 4(d)(1)©, which provides for service upon an individual by "[d]elivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf." **W. VA. R. CIV. P. 4**.  Cases dealing with agency by appointment "indicate that an actual appointment for the specific purpose of receiving process normally is expected.  Accordingly, the mere fact that a person acts as the defendant's agent for some purposes does not necessarily mean that the person has authority to receive the summons and complaint." **4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097** (3d. ed. 2002). Thus, the court must have some factual basis for believing that an appointment of an agent to receive service of process has in fact taken place.  *See **State ex rel. Farber v. Mazzone***, 584 S.E.2d 517, 522 (W. Va. 2003) (finding that a temporary secretary who accepted service on behalf of the attorney was improper as the attorney never authorized the secretary or any third party to serve as his agent for accepting

6

service of process); ***McClay v. Mid-Atl. Country Magazine***, 435 S.E.2d 180, 183 (W. Va. 1993) (finding service of process was invalid where lawyer was not an agent authorized to accept service of process on behalf of defendant). The burden is on the plaintiff to prove that an agency relationship existed between the defendant and the individual who accepted service. *See **Dunkley v. Rutgers***, 2007 WL 2033927, *2 (D.N.J. 2007).

In this case, Plaintiffs have failed to sustain their burden because it is not clear to the Court that Defendant Shultz was properly served with process. Defendant Marcus could accept service on behalf of CTR because it is a business organization and Defendant Marcus is an agent, by law, of the organization. However, with the facts currently before the Court, Defendant Marcus is not an agent of Defendant Shultz that is authorized to accept service of process. Therefore, Defendant Shultz, in his individual capacity, was not properly served with Plaintiffs' summons and complaint, and the district court does not have personal jurisdiction over Defendant Shultz. Accordingly, Plaintiffs' Motion for Default Judgment as to Defendant Shultz is **DENIED WITHOUT PREJUDICE**.

### B. Liability

Multiple district courts within the Fourth Circuit have noted that for a plaintiff to prove copyright infringement by an unauthorized public performance, the plaintiff must make sufficient allegations regarding:

> (1) the originality and authorship of the works involved; (2) compliance with the formalities of federal copyright law; (3) rightful proprietorship of the copyrights at issue; (4) the copyrighted works were performed publicly for profit;[and] (5) a lack of authorization by the owner or the owner's

representative for the alleged infringer to publicly perform the works.

*M.L.E. Music v. Kimble, Inc.*, 109 F. Supp. 2d. 469, 472 (S.D.W. Va. 2000). See also *EMI April Music, Inc. v. Garland Enters., LLC*, Civil Action No. DKC 11-3352, 2012 WL 1986529 (June 1, 2012, D. Md.), *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 504 (E.D. Va. 2009).

In this case, Plaintiffs have alleged sufficient facts to establish the elements of liability for purposes of default judgment. First, Plaintiffs have alleged that the four songs at issue are original compositions created and written by specified persons. Compl. ¶¶ 4-11, Ex. 1. Second, Plaintiffs have alleged the date of registration and registration numbers of the four musical compositions and that the Plaintiffs have "complied in all respects with the requirements of the Copyright Act." Compl. ¶ 23, Ex. 1. Third, Plaintiffs owned the copyrights to the protected works at the time of infringement. Compl. ¶ 24, Ex. 1. Last, Defendants publicly played these songs without permission on May 29, 2010 and November 12, 2010. Compl. ¶ 25, Ex. 1. Therefore, these factual allegations are sufficient to satisfy the five elements of Plaintiffs' claims, and Plaintiffs are entitled to entry of default judgment.

### C. Damages

If the court determines that liability is established, then it must determine the appropriate amount of damages. Unlike allegations of fact, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." See *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The court

must make an independent determination regarding such allegations by, for example, conducting an evidentiary hearing or referring the matter to a magistrate judge to conduct such a hearing. **FED. R. CIV. P. 55(b)(2)(B)**.

In this case, the Court **FINDS** that a sum certain sufficient to award damages on the default judgment does not exist. Accordingly, this Court will conduct an evidentiary hearing on damages on **April 30, 2013 at 9:30 a.m. in Martinsburg, West Virginia**.

### IV. Conclusion

For the reasons stated above, this Court finds that the Plaintiffs' Motion for Default Judgment should be, and hereby is, **GRANTED IN PART** and **DENIED IN PART**. [Doc. 24]. The Court further **ORDERED** an evidentiary hearing on the issues of damages on **April 30, 2013 at 9:30 a.m.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** March 21, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE