IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BROADCAST MUSIC, INC., et al.,**

        Plaintiffs,

**v.**                                            **CIVIL ACTION NO. 3:12-CV-59**
                                                     **(JUDGE GROH)**

**CTR HOTEL PARTNERS, LLC d/b/a
QUALITY HOTEL & CONFERENCE CENTER;
RONALD E. MARCUS,**

        Defendants,

and

**BROADCAST MUSIC, INC., et al.,**

        Plaintiffs,

**v.**                                            **CIVIL ACTION NO. 3:13-CV-37**
                                                     **(JUDGE GROH)**

**CHRISTOPHER B. SHULTZ,**

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO CHRISTOPHER B. SHULTZ

On this day, the above-styled matter came before this Court for consideration of Plaintiffs Broadcast Music, Inc. ("BMI"), et al.'s Motion for Default Judgment against Christopher B. Shultz [Doc. 41], filed on May 9, 2013. For the reasons that follow, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART**.

1

## I. Factual Background

This is an action for copyright infringement arising from Defendants' public performance, or Defendants causing the public performance, of copyrighted musical compositions at the Quality Hotel & Conference Center located at 4328 William L. Wilson, FWY, Harpers Ferry, WV, 25425. Plaintiffs filed this action against Christopher B. Shultz on March 22, 2013, alleging copyright infringements under Title 17 of the United States Code. A summary of the alleged violations are set forth in Exhibit 1, "Song Schedule," attached to the Complaint. Plaintiffs maintain four claims of willful copyright infringement, based upon "Defendant's unauthorized public performance of music compositions from the BMI repertoire." [Doc. 1], p.4. Defendant Shultz, in his individual capacity, was personally served the summons and a copy of Plaintiffs' Complaint at Shultz Realty, 1101 S. George St., Charles Town, WV 25414 on April 3, 2013. To this date, Defendant Shultz has not filed a response or otherwise appeared to defend against Plaintiffs' Complaint.

On April 30, 2013, Plaintiffs requested the Clerk enter default pursuant to Federal Rule of Civil Procedure 55(a). On May 1, 2013, at Plaintiffs' request, the Clerk entered default as to Christopher B. Shultz. On May 9, 2013, Plaintiffs moved for entry of default judgment against Defendant Shultz pursuant to Federal Rule of Civil Procedure 55(b).

## II. Applicable Law

Although the Federal Rules of Civil Procedure and the Fourth Circuit Court of Appeals encourage dispositions of claims on their merits, trial judges have discretion to

enter default judgments. ***Reizakis v. Loy***, 490 F.2d 1132, 1135 (4th Cir. 1974). Federal Rule of Civil Procedure 55 authorizes the entry of a default judgment "when a defendant fails to plead or otherwise defend in accordance with the Rules." ***United States v. Moradi***, 673 F.2d 725, 727 (4th Cir. 1982). The Clerk of the Court's "entry of default" pursuant to Rule 55(a) of the Federal Rules of Civil Procedure provides notice to the defaulting party prior to the entry of default judgment by the court. ***Carbon Fuel Co. v. USX Corp.***, No. 97-1995, 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for "default judgment" under Federal Rule of Civil Procedure 55(b). *Id.*

Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." **FED. R. CIV. P. 55(b)(1)**. However, as in this case, when the sum is not certain, default can only be made by the Court. **FED. R. CIV. P. 55(b)(2)**.

Upon default, all of the well-pleaded facts alleged in the Complaint, as to liability, are deemed admitted, but the amount of damages are not. ***Ryan v. Homecoming Fin. Network***, 253 F.3d 778, 780 (4th Cir. 2001). However, Federal Rule of Civil Procedure 54(c) limits the court's discretion in entering default judgment: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." **FED. R. CIV. P. 54(c)**.

### III. Analysis

The Court must analyze three separate issues. First, whether Defendant Shultz was properly served. Second, whether Plaintiffs have proved copyright infringement by an unauthorized public performance. Last, if Plaintiffs prove Defendant Shultz's liability, whether Plaintiffs' requested damages are a sum certain sufficient for this Court to award damages without conducting an evidentiary hearing.

#### A. Proper Service

Plaintiffs seek a default judgment against Christopher B. Shultz, in his individual capacity. Defendant Shultz was personally served on April 3, 2013 at Shultz Realty, 1101 S. George St., Charles Town, WV 25414. [Doc. 7]. Therefore, Defendant Shultz, as an individual, was served in accordance with Federal Rule of Civil Procedure 4(e)(2)(A), which provides that an individual may be served in a judicial district by "delivering a copy of the summons and of the complaint to the individual personally."

#### B. Liability

Multiple district courts within the Fourth Circuit have noted that for a plaintiff to prove copyright infringement by an unauthorized public performance, the plaintiff must make sufficient allegations regarding:

> (1) the originality and authorship of the works involved; (2) compliance with the formalities of federal copyright law; (3) rightful proprietorship of the copyrights at issue; (4) the copyrighted works were performed publicly for profit; [and] (5) a lack of authorization by the owner or the owner's representative for the alleged infringer to publicly perform the works.

***M.L.E. Music v. Kimble, Inc.***, 109 F. Supp. 2d. 469, 472 (S.D.W. Va. 2000). *See also* ***EMI April Music, Inc. v. Garland Enters., LLC***, Civil Action No. DKC 11-3352, 2012

4

WL 1986529 (D. Md. June 1, 2012), ***EMI April Music, Inc. v. White***, 618 F. Supp. 2d 497, 504 (E.D. Va. 2009).

In this case, Plaintiffs have alleged sufficient facts to establish the elements of liability for purposes of default judgment. First, Plaintiffs have alleged that the four songs at issue are original compositions created and written by specified persons. Compl. ¶¶ 4-11, Ex. 1. Second, Plaintiffs have alleged the date of registration and registration numbers of the four musical compositions and that the Plaintiffs have "complied in all respects with the requirements of the Copyright Act." Compl. ¶ 19, Ex. 1. Third, Plaintiffs owned the copyrights to the protected works at the time of infringement. Compl. ¶ 20, Ex. 1. Last, Defendant Shultz publicly played these songs and/or caused these songs to be publicly performed without a license or permission. Compl. ¶ 21, Ex. 1. Therefore, these factual allegations are sufficient to satisfy the five elements of Plaintiffs' claims, and Plaintiffs are entitled to entry of default judgment.

**C. Damages**

If the court determines that liability is established, then it must determine the appropriate amount of damages. Unlike allegations of fact, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *See* ***Credit Lyonnais Secs. (USA), Inc. v. Alcantara***, 183 F.3d 151, 155 (2d Cir. 1999). The court must make an independent determination regarding such allegations by, for example, conducting an evidentiary hearing or referring the matter to a magistrate judge to conduct such a hearing. **FED. R. CIV. P. 55(b)(2)(B)**.

In this case, the Court **FINDS** that a sum certain sufficient to award damages on the default judgment does not exist. Accordingly, this Court will conduct an evidentiary hearing on damages on **July 29, 2013 at 1:30 p.m. in the District Judge Courtroom in Martinsburg, West Virginia**.

## IV. Conclusion

For the reasons stated above, this Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Default Judgment. [Doc. 41]. The Court **FURTHER ORDERS** an evidentiary hearing on the issues of damages on **July 29, 2013 at 1:30 p.m.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties herein.

**DATED:** June 5, 2013

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE